IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARCUS WEAVER, # 19577-045** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-271-JPG |
| | ) |
| **MRS. HARBINSON, J.S. WALTON,** | ) |
| **RANDALL PASS, FERANDO CASTILLO,** | ) |
| **U.S.A., R. MARTINEZ,** | ) |
| **CHAMBERS, J. RATLIFF,** | ) |
| **JEFFREY HO LEE, SCOTT MOATS,** | ) |
| **TEDD WALL,** | ) |
| **and AMBER L. NELSON,** | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff is a federal inmate currently incarcerated at the United States Penitentiary in Marion. In this *pro se* action, he seeks relief under the Federal Tort Claims Act for the medical negligence/malpractice of several prison medical providers, who failed to diagnose or treat his Herpes Simplex viral infection for four years. He also raises a claim for alleged violations of his constitutional rights by persons acting under the color of federal authority, based on the same facts. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.

28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's complaint, the Court concludes that one of Plaintiff's claims survives threshold review. The remaining claims shall be dismissed without prejudice. However, Plaintiff shall be given an opportunity to comply with the Illinois state law requirements for medical malpractice actions, and to amend his complaint, if he wishes

to further pursue the dismissed claims.

## The Complaint

The following facts are gleaned both from Plaintiff's complaint (Doc. 1) and from his brief in support of the complaint (Doc. 5).

In May 2011, while Plaintiff was incarcerated at FCI-Yazoo City, Mississippi, he began to experience testicular pain (Doc. 1, p. 5). He sought medical attention through sick call, and was seen by Defendant Dr. Martinez (Doc. 5, p. 2). He had outbreaks of lesions and genital warts, and was treated with creams and drops. Medical staff at Yazoo City told him to purchase pain medication from the commissary. His symptoms continued, and he informed the medical providers of this. In April 2012, at the request of Defendant Martinez, Plaintiff was tested for the Herpes Simplex virus (HSV-1 and HSV-2). The test report stated that the results were "1:10 titer for both HSV-1 and HSV-2," and that the results "should not be used as a diagnostic procedure without confirmation of the diagnosis by another medically established diagnostic product or procedure" (Doc. 5, p. 3; Doc. 3, p. 40). Plaintiff was told that the results were negative, and he received no treatment for HSV. Plaintiff concludes that either the test results were inaccurate or they were misread.

During 2013, Plaintiff was housed at FCI-Pekin, Illinois. His pain and genital warts persisted during this time, and he continued to seek treatment through sick call (Doc., 5, p. 2). Defendant Lee was the medical doctor at that institution. Again, Plaintiff received "generic" treatment and was referred to the commissary to purchase pain medication for his ongoing symptoms.

Plaintiff was transferred to Marion in 2014. He continued to complain to officials about his testicular pain, and was tested in December 2014 for Hepatitis B and C, and for HIV.

However, no other HSV test was conducted. In March 2015, while Plaintiff was at Marion, the pain in his genital region became excruciating, and he was having recurring outbreaks of lesions and warts. He sent a series of email requests to medical staff between March and September 2015, requesting treatment. He was told to buy pain medication from the prison commissary.

On April 2, 2015, Defendant Castillo (Physician Assistant) informed Plaintiff that he was infected with HSV-2. Defendant Castillo noted that the severity of Plaintiff's lesions, redness, and pain could have resulted from the long period of time that Plaintiff's HSV-2 infection went untreated (Doc. 1, p. 5; Doc. 5, p. 3). Plaintiff alleges that due to the four-year delay in treatment, his immune system is weakened and he is more prone to infections. He had to stop working at his prison job due to the severity of his pain.

Plaintiff did not complete the "Request for Relief" section of his complaint form, but notes in his supporting brief that he is seeking monetary damages (Doc. 1, p. 6, Doc. 5, p. 9).

### Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Medical negligence and malpractice claims against Defendant United States of America under the Federal Tort Claims Act, for the actions of its employees at the FCI-Yazoo City, Mississippi, who failed to diagnose or treat Plaintiff's Herpes Simplex infection, allowing his pain and other symptoms to persist;
>
> **Count 2:** Medical negligence and malpractice claims against Defendant United States of America under the Federal Tort Claims Act, for the actions of its

employees at the FCI-Pekin and USP-Marion, Illinois, who failed to diagnose or treat Plaintiff's Herpes Simplex infection, allowing his pain and other symptoms to persist;

**Count 3:** Eighth Amendment deliberate indifference claim against Yazoo City Defendants Martinez, Chambers, and Ratliff, for failing to conduct appropriate diagnostic tests for Plaintiff's infection, thus delaying diagnosis and proper treatment for his condition;

**Count 4:** Eighth Amendment deliberate indifference claim against Pekin Defendants Lee, Moats, and Wall, for failing to conduct appropriate diagnostic tests for Plaintiff's infection, thus delaying diagnosis and proper treatment for his condition;

**Count 5:** Eighth Amendment deliberate indifference claim against Marion Defendants Harbinson, Walton, Pass, and Castillo, for failing to conduct appropriate diagnostic tests for Plaintiff's infection, thus delaying diagnosis and proper treatment for his condition.

Count 1 shall proceed for further consideration in this action.

Count 2 shall be dismissed from the action without prejudice, but may be reinstated if Plaintiff timely files the required affidavit and certificate(s) of merit pursuant to Illinois law.

Counts 3, 4, and 5 shall also be dismissed without prejudice, for failure to state a claim upon which relief may be granted. If Plaintiff wishes to proceed with these claims, he must submit an amended complaint including sufficient factual allegations against the individual Defendants to support his claims of deliberate indifference. Plaintiff shall also note that his claims against Defendants in other judicial districts may be subject to severance into one or more separate actions, and transfer to the appropriate court where the Defendants may be found.

## Counts 1 and 2 – Federal Tort Claims

Plaintiff properly identifies the United States of America as the Defendant with reference to his claims of medical negligence/malpractice brought pursuant to the Federal Tort Claims Act ("FTCA"). It is not clear whether he intends to assert a Federal Tort Claim against the other individual Defendants he names. Nonetheless, the United States is the only proper Defendant in

an FTCA claim. *See* 28 U.S.C. § 2679(b); *FDIC v. Meyer*, 510 U.S. 471 (1994). For this reason, all the individual Defendants are dismissed from Counts 1 and 2, and the FTCA claims may proceed only against the United States. This is not the end of the analysis, however.

Cases brought under the FTCA are governed by the substantive law of the place where the alleged acts or omissions constituting negligence occurred. *See* 28 U.S.C. §§ 1346(b), 2674; *Richards v. United States*, 369 U.S. 1, 10 (1962); *Bowen v. United States*, 570 F.2d 1311, 1315-16 (7th Cir. 1978). Therefore, Mississippi law applies to Plaintiff's medical negligence/malpractice claim arising from the acts and omissions of the medical officials employed at FCI-Yazoo City from 2011 until his transfer away from that institution (Count 1). Illinois law applies to Plaintiff's medical negligence/malpractice claims, in reference to the alleged improper acts that took place within Illinois (at FCI-Pekin and USP-Marion from 2013 through 2015) (Count 2).

Regardless of which state law applies to the claim, Plaintiff's FTCA action was properly brought in this District. 28 U.S.C. § 1402(b) provides that a civil action on a tort claim under 1346(b) "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."

### A. Count 1 – Mississippi FTCA Claim

At this early juncture, it appears that Plaintiff's complaint is sufficient to survive scrutiny under § 1915A with respect to Count 1. In Mississippi, a plaintiff in a medical malpractice claim must show that there was "(1) a duty to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) a failure to conform to the required standard; and (3) an injury to the plaintiff proximately caused by the breach of such duty by the defendant." *Goree v. United States*, No. 6-CV-61, 2007 WL 2562439, at *2 (S.D.

Miss. Aug. 14, 2007) (quoting *Hubbard v. Wansley,* 954 So. 2d 951, 956 (Miss. 2007)). "[P]hysicians [in Mississippi] are bound by nationally-recognized standards of care; they have a duty to employ 'reasonable and ordinary care' in their treatment of patients." *Id*. (quoting *Palmer v. Biloxi Reg'l Med. Ctr., Inc.*, 564 So. 2d 1346, 1354 (Miss. 1990)).

Under Mississippi statute, a plaintiff's attorney in a medical malpractice case is required to provide certification along with the complaint that s/he has consulted with a medical expert regarding the facts of the case, and that on the basis of this review and consultation, the attorney has concluded that there is a reasonable basis for the commencement of the action. MISS. CODE. ANN. § 11-1-58(1). However, the statute exempts a *pro se* plaintiff from providing a certificate of consultation as to the merits of the case. MISS. CODE. ANN. § 11-1-58(6).

**Count 1** shall proceed for further consideration.

### *B. Count 2 – Illinois FTCA Claim*

Plaintiff's FTCA claim based on the events in Illinois faces an additional hurdle, however. Where a plaintiff sues the United States for the medical negligence or malpractice of its employees in Illinois, the applicable Illinois statute requires the plaintiff to file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in

this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a) (West 2013).[1] This is a substantive requirement of Illinois law. *See Hahn v. Walsh*, 762 F.3d 617, 629-33 (7th Cir. 2014) (diversity jurisdiction context), *cert. denied,* 135 S. Ct. 1419 (2015); *Murphy v. United States*, Case No. 08-cv-745-JPG-DGW, 2010 WL 3310258 (S.D. Ill. Aug. 19, 2010) (FTCA context). Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614.

In this case, Plaintiff has not filed the affidavit and report(s) that are required under Illinois law. Therefore, the Court must dismiss the FTCA claim in **Count 2** against the United States. However, the dismissal shall be without prejudice at this time, and Plaintiff shall be allowed 35 days to file the required affidavit/certificates. Should Plaintiff fail to timely file the required affidavit/certificates, the dismissal of **Count 2** may become a dismissal **with prejudice.** *See* FED. R. CIV. P. 41(b).

### Count 3 – Deliberate Indifference to a Serious Medical Need – Yazoo City

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm

---

[1] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on validity of 735 ILL. COMP. STAT. §5/2-622 (West 2013).

to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Plaintiff's symptoms from his HPV infection constituted an objectively serious condition that clearly required medical attention. The complaint thus satisfies the first component of an Eighth Amendment claim. The remaining question is whether Plaintiff's prison medical providers acted or failed to act, with deliberate indifference to a known risk of serious harm.

Plaintiff identifies several Yazoo City officials among the Defendants: Doctors Martinez and Chambers, and Nurse Ratliff. However, only Defendant Martinez is mentioned in Plaintiff's narrative (Doc. 5, p. 3). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Because Plaintiff includes no factual allegations whatsoever regarding his interactions with Defendant Chambers or Defendant Ratliff, he has failed to state a

deliberate indifference claim against either of these individuals.

Turning to Defendant Martinez, Plaintiff states that he saw Defendant Martinez through sick call. Defendant Martinez was the doctor who requested the HSV tests for Plaintiff in April 2012. Plaintiff does not set forth any other factual allegations regarding what treatment was provided or denied by Defendant Martinez. He indicates that he was "treated generically" with creams, drops, and over-the-counter pain medication, but does not identify which provider ordered this treatment. Nonetheless, these allegations do not suggest that Defendant Martinez or any other provider was deliberately indifferent to the risk of harm to Plaintiff from his symptoms.

**Count 3**, therefore, shall be dismissed for failure to state a claim upon which relief may be granted. As discussed below, Plaintiff shall have the opportunity to re-plead this claim. He shall note, however, that this claim may be subject to severance into a separate action, because his claim arose in Mississippi, and the Yazoo City Defendants were located there.

### Count 4 – Deliberate Indifference – Pekin

The claims arising at Pekin are similarly unsupported by factual allegations. Plaintiff states only that Defendant Lee was the doctor at that facility, but does not further elaborate on what conduct allegedly demonstrated his deliberate indifference to Plaintiff's condition (Doc. 5, p. 2). Plaintiff fails to mention Defendants Moats or Wall anywhere in the body of his pleading.

**Count 4** shall also be dismissed for failure to state a claim upon which relief may be granted. As with the Mississippi claims, Plaintiff's deliberate indifference claims against Pekin Defendants Lee, Moats, and Wall did not arise in the Southern District of Illinois. Should he choose to re-plead these claims, Count 4 may also be subject to severance into a separate case, in order for the claims to be adjudicated in the judicial district where they arose.

### Count 5 – Deliberate Indifference – Marion

Once again, Plaintiff lists several Defendants as parties, but fails to include any factual allegations regarding their conduct or involvement with his attempts to obtain medical treatment. Defendants Harbison, Walton, and Pass are listed as Defendants, but never mentioned again in the pleading. These individuals shall be dismissed from the action without prejudice for the reasons explained in Count 3.

Defendant Castillo, according to Plaintiff, was the practitioner who informed him that he was infected with HSV-2. This alone does not suggest that Defendant Castillo was deliberately indifferent to Plaintiff's condition, and instead, may indicate that Defendant Castillo was instrumental in finally obtaining a proper diagnosis of Plaintiff's ailment. Likewise, Defendant Castillo's expressed opinion that Plaintiff's condition may have been made more severe by the delay in diagnosing and treating him does not constitute deliberate indifference. Nothing in the present complaint supports a deliberate indifference claim against Defendant Castillo.

Accordingly, **Count 5** shall be dismissed without prejudice for failure to state a claim.

### Dismissal of Defendant Nelson

Plaintiff lists Defendant Amber Nelson among the parties, but makes no allegations against her in his pleading. She shall thus be dismissed from the action without prejudice. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

### Amendment of Complaint

Should Plaintiff wish to submit an amended complaint in order to pursue the deliberate indifference claims in Counts 3, 4, and/or 5, it is strongly recommended that he use the form designed for use in this District for civil rights actions. Furthermore, he should present all the relevant factual allegations in a single document, rather than in a piecemeal fashion as he did

with Docs. 1 and 5. An amended complaint should present each claim in a separate count as designated by the Court above. In each count, Plaintiff should specify, *by name*,[2] each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, an amended complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. In addition to including the claims that Plaintiff wishes to re-plead (Counts 3, 4, and/or 5), an amended complaint must also contain the allegations supporting Count 1, which shall receive further review as determined above, and Count 2, providing that Plaintiff complies with the Illinois affidavit and report requirements. Should Plaintiff's proposed amended complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with his amended complaint.

Again, further review of Count 1 shall proceed whether or not Plaintiff submits an amended complaint.

## Disposition

**COUNTS 2, 3, 4, and 5** are **DISMISSED** without prejudice for failure to state a claim

---

[2] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

upon which relief may be granted.  Defendants **HARBINSON, WALTON, PASS, CASTILLO, MARTINEZ, CHAMBERS, RATLIFF, LEE, MOATS, WALL,** and **NELSON** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that as to the FTCA claim for medical negligence/malpractice in the dismissed **COUNT 2**, if he wishes to seek reinstatement of this claim, Plaintiff shall file the required affidavit pursuant to 735 ILL. COMP. STAT. §5/2-622, within 35 days of the date of this order (on or before **July 20, 2016**).  Further, Plaintiff shall timely file the required written report(s)/certificate(s) of merit from a qualified health professional, in compliance with §5/2-622.  Should Plaintiff fail to timely file the required affidavit or reports, the dismissal of **COUNT 2** may become a dismissal **with prejudice**.

In order to assist Plaintiff in preparing an amended complaint, should he wish to do so, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

As to the remaining claim in **COUNT 1**, The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on the United States; the Clerk shall issue the completed summons.  Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois a copy of every pleading or other document submitted for consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate

stating the date that a true and correct copy of the document was mailed to the United States Attorney.  Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 14, 2016**

        *s/J. Phil Gilbert*
        United States District Judge