IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS WEAVER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 16-cv-00271-JPG-DGW |
| MRS. HARBINSON, *et al.*, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 41) of Magistrate Judge Donald G. Wilkerson with regard to Defendant USA's Motion (Doc. 36) to Dismiss or in the Alternative, Motion for Change of Venue. Plaintiff filed an objection (Doc. 47) to the R & R which the Court deems as timely filed. Also before the Court is Plaintiff's Motion (Doc. 40) to Expedite Decision.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed.R.Civ.P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). As an objection has been filed, the Court will review those portions of the R & R *de novo*.

**1. Background.**

Plaintiff is alleging negligence/malpractice by several prison medical providers and other prison officials for failing to diagnose and/or treat his Herpes Simplex viral infection for four

years. (Doc. 1). Plaintiff's amended complaint (Doc. 30), after review, put forth one count of medical negligence and malpractice against defendant United States of America under the Federal Tort Claims Act; one count of deliberate indifference to serious medical need in violation of the Eighth Amendment against defendants Chambers, Natal, Hudson, Martinez, and Ratliff; and one count of deliberate indifference to serious medical need in violation of the Eighth Amendment against defendants Moats, Lee Ho, and Wall.

Defendant USA moved to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(3) or in the alternative, moved for a change of venue. The R & R recommends that this Court deny defendant USA's request for dismissal, but grant its request for a change in venue.

**2. Standard.**

Under § 1404(a), a district court may transfer a civil action to any other district where the action might have been brought originally "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The decision to transfer a case is left to the discretion of the district court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986); see *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

In deciding a § 1404(a) motion to transfer, the Court should consider a number of case-specific factors such as the convenience of the potential transferee forum to the parties and witnesses and the interests of justice in general. *Stewart*, 487 U.S. at 29-30; see *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (citing *Van Dusen*, 376 U.S. at 622). The movant has the burden of establishing that the transfer is "clearly more convenient." *Coffey*, 796 F.2d at 219-20. The Court should give substantial weight in favor of the forum in which the plaintiff chose to file the complaint and should rarely transfer a case from the plaintiff's selected

forum. *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663-64 (7th Cir. 2003); *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

In this matter, the R & R notes that the plaintiff's claims "occurred in both the Southern District of Mississippi and Central District of Illinois." However, the "majority of the named defendants likely reside in Mississippi" and "[p]laintiff's FTCA claim will be governed by the law of Mississippi." (Doc. 41 at 7).

Plaintiff's objection argues that, "choice of forum will rarely be disturbed, where the Plaintiff is a resident of the district where the case was brought." The R & R found plaintiff to be a residence of this district, but further found that plaintiff's residence was the only connection to this district. As such, the R & R found that the Southern District of Mississippi had a greater connection to the incidents alleged in the complaint.

Plaintiff counters that the "bulk" of witnesses "amounted to plaintiff himself," but there are nine defendants in this matter – each of which the Court would expect to be called as a witness. The main argument that causes the Court to be hesitating about transferring this matter is plaintiff's lack of resources to litigate in another venue. However, plaintiff would be required to travel if he wished to depose any witnesses and such travel would not be eliminated by allowing this matter to remain in this district. Further, there is no requirement that the plaintiff must physically appear at hearings and/or trial; he could arrange for appearance by video conferencing or telephonically.

As such, the Court agrees with the R & R that this matter should be transferred to Southern District of Mississippi. Therefore, the Court hereby **ADOPTS** the Report and Recommendation in its entirety (Doc. 41) and **GRANTS** Defendant United States' Motion (Doc. 36) in part with regard to a change in venue and **DENIES** in part with regard to dismissal. The

Clerk of Court is **DIRECTED** to **TRANSFER** this matter to Southern District of Mississippi.

Plaintiff's Motion (Doc. 40) to Expedite Decision is moot.

    **IT IS SO ORDERED.**

    **DATED:** 7/18/2017

                                              *S/J. Phil Gilbert*
                                              **J. PHIL GILBERT**
                                              **U.S. DISTRICT JUDGE**