**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**MARCUS WEAVER** **PLAINTIFF**

**V.** **CIVIL ACTION NO. 3:17-cv-00657-WHB-JCG**

**UNITED STATES OF AMERICA, ANTHONY CHAMBERS, "UNKNOWN" HUDSON, ROBERTO MARTINEZ, JEFFERY LEE HO, SCOTT MOATS, TED WALL, "UNKNOWN" NATAL, and J. RATLIFF** **DEFENDANTS**

**REPORT AND RECOMMENDATION**

BEFORE THE COURT is the Complaint (ECF No. 1) filed *pro se* by Marcus Weaver, who at the time he filed his Complaint, was a postconviction inmate in the custody of the Federal Bureau of Prisons. He has since been released. Weaver alleges that, while he was incarcerated, he was subject to medical malpractice and cruel and unusual punishment because prison medical providers failed to diagnose his Herpes Simplex Virus until approximately four years after he first complained of testicular pain. Defendants have filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (ECF No. 57). In response, Weaver filed a Motion for Summary Judgment (ECF No. 67) and a Motion to Change Venue (ECF No. 71).

Having considered the Motions, the record, and relevant law, the undersigned United States Magistrate Judge concludes that Defendants' Motion to Dismiss, or in the Alternative for Summary Judgment should be GRANTED IN PART AND DENIED IN PART, Weaver's Motion for Summary Judgment should be GRANTED IN PART AND DENIED IN PART, and Weaver's Motion to Transfer Venue with respect to the claims against the out-of-state-medical providers should

be GRANTED. Weaver's FTCA medical malpractice claims should be dismissed on summary judgment because Weaver has not provided expert medical testimony in support of these claims. The constitutional *Bivens* claims against out-of-state medical providers should be severed and transferred to the United States District Court for the Central District of Illinois, where the events or omissions underlying these claims occurred. Weaver should be allowed more time to serve the in-state medical providers because he is proceeding *in forma pauperis* and entitled to rely on Court officers to effect service of process on his behalf.

## BACKGROUND

### A.  Factual History

In 2007, Weaver was sentenced to 151 months' imprisonment with three years of supervised release for bank robbery. (ECF No. 57-2, at 1). Weaver contends that he first complained of testicular pain to Dr. Roberto Martinez in May 2011, while he was housed at the Federal Correctional Institution in Yazoo City, Mississippi (FCI Yazoo). (ECF No. 30, at 18). Dr. Martinez purportedly instructed Weaver to take ibuprofen. *Id.*

In July 2011, Weaver sought out Dr. Martinez in regard to his testicular pain. *Id.* at 19. Dr. Martinez was on vacation at the time, so Weaver was examined by Dr. Norma Natal and Nurse Jeneen Ratliff. *Id.* Weaver articulated his concerns over the "white papules, redness, discoloration, and lesions" on his genitalia, and Dr. Natal prescribed Podophyllum, which Weaver submits is a medication to treat genital warts. *Id.* at 19-20. Dr. Natal and Nurse Ratliff refused to provide pain medication or schedule Weaver for additional testing. *Id.* at 20.

Weaver demanded to see Dr. Anthony Chambers, whom he asserts was the "chief doctor" at FCI Yazoo. *Id.* Weaver was seen by Dr. Chambers and nurse Natasha Hudson. Dr. Chambers recommended ibuprofen and prescribed antibiotics. *Id*. Dr. Chambers ordered that Weaver be tested for syphilis and gonorrhea. *Id.* Weaver describes Dr. Chambers' actions in ordering testing as "cosmetic" and "a transparent effort to avoid culpability." *Id.*

After the examination by Dr. Chambers, Weaver maintains that he submitted countless complaints to staff about "[a] burning sensation and pain in [his] penis[.]" *Id.* at 21. Nurse Ratliff directed Weaver to "[p]urchase ibuprofen and return in 1-week." *Id.* Weaver submits that his genitals were "extremely sensitive" over the next week. *Id.* He alleges that all medical personnel refused to treat him or even speak to him until Dr. Martinez returned from vacation. *Id.* Upon Martinez's return, Weaver contends that Dr. Martinez examined him and advised him that he had "nothing to worry about[.]" *Id.* at 21-22.

According to Weaver, he submitted numerous requests for sick-call visitation during the period from September 2011 through March 2012. *Id.* at 22. Weaver contends that he repeatedly informed Defendants that he was experiencing "pain . . . burning, lesions, ulcers, and blisters." *Id*. Weaver asserts that the FCI Yazoo Defendants ignored his requests for medical treatment. Weaver submits that when he was examined for other medical conditions, these Defendants "literally ignore[d]" his concerns regarding his genitalia. *Id.* at 22-23.

At some point, Dr. Martinez tested Weaver for Herpes Simplex Virus. *Id.* at 23. Dr. Martinez allegedly informed Weaver that the test came back negative. *Id.* at 24. Weaver submits that the results were either misread or inaccurate. *Id.* Weaver claims that, despite the appearance of innumerable symptoms, he received no further medical testing while housed at FCI Yazoo. *Id.*

In July 2012, Weaver was transferred to the Federal Correctional Institution in Pekin, Illinois (FCI Pekin) and remained there throughout 2013. *Id.* Dr. Jeffery Lee Ho medically screened Weaver upon his arrival. *Id.* at 24-25. Weaver described his symptoms to Dr. Lee Ho and told Dr. Lee Ho that he needed two more doses of Podophyllum. *Id.* at 25. Dr. Lee Ho ordered this medication but did not order additional testing or refer Weaver to an outside specialist. *Id.* Weaver maintains that he continued to experience "pain, ulcers, blisters, lesions, and burning of genitalia[.]" *Id.* He contends that he relayed these symptoms to Scott Moats, Nurse Ted Wall, and Dr. Lee Ho, but these Defendants did not diagnose or treat him properly. *Id.*

Weaver was transferred to the United States Penitentiary in Marion, Illinois (USP Marion) in 2014. (ECF No. 12, at 3). He was tested in 2014 for Hepatitis B and C, and for HIV, but was not tested for Herpes Simplex Virus. *Id.* at 3-4. In March 2015, Weaver had outbreaks of lesions and warts in his genital region. *Id.* at 4. Weaver alleges he sent a series of email requests to medical staff between March to September 2015 requesting medical treatment but was told to buy pain medication from the prison commissary. *Id.* at 4.

On April 2, 2015, Ferando Castillo, a physician's assistant at USP Marion, informed Weaver that he was infected with Herpes Simplex Virus-2 (HSV-2). *Id.* Castillo noted that the severity of Weaver's lesions, redness, and pain could have resulted from the long period of time that HSV-2 was not treated. *Id.* Weaver alleges that, due to the four-year delay in correctly diagnosing him, his immune system is weakened, and he is prone to infections. *Id.* Weaver maintains that he was forced to quit his prison job due to severe pain. *Id.*

**B. Procedural History**

On March 15, 2016, Weaver filed a Complaint in the United States District Court for the Southern District of Illinois. (ECF No. 1). Weaver advanced medical malpractice claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, against various medical providers at FCI Yazoo, FCI Pekin, and USP Marion. He also alleged Eighth Amendment violations under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971) against these medical providers.

The Southern District of Illinois screened Weaver's claims under 28 U.S.C. § 1915(a). The Southern District of Illinois dismissed the FTCA medical malpractice claims lodged against the individual defendants because the United States is the only proper defendant to an FTCA claim. (ECF No. 12, at 5-6) (citing 28 U.S.C. § 2679(b) and *FDIC v. Meyer,* 510 U.S. 471 (1994)). The Southern District of Illinois allowed the FTCA medical malpractice claims to proceed against the United States for the incidents or omissions arising at FCI Yazoo, finding that the claims passed threshold review. *Id.* at 7. The FTCA medical malpractice claims based on the

events or omissions at FCI Pekin were dismissed because Weaver did not submit a personal affidavit and written report from a qualified health professional that is required under Illinois law to file a complaint against the United States for medical malpractice. *Id.* at 7-8 (citing 735 Ill. Comp. Stat. §5/2-622(a) (West 2013)). Weaver dismissed the portion of his Complaint concerning medical care at USP Marion. (ECF No. 24, at 2).

Initially, the Southern District of Illinois dismissed all of Weaver's Eighth Amendment *Bivens* claims without prejudice, finding that Weaver had failed to include enough factual allegations to state a claim. (ECF No. 12, at 8-12). The Southern District of Illinois allowed Weaver an opportunity to re-plead these claims. *Id.* at 10. After Weaver re-pleaded the Eighth Amendment *Bivens* claims, the Southern District of Illinois allowed these claims to proceed for further consideration.

The United States then filed a motion to dismiss or for transfer of venue to the Southern District of Mississippi. (ECF No. 36). On July 18, 2017, the Southern District of Illinois granted the motion to change venue and transferred Weaver's entire case to this Court, including the claims against the FCI Pekin Defendants. (ECF No. 48). The Southern District of Illinois found that "plaintiff's claims occurred in both the Southern District of Mississippi and the Central District of Illinois. However, the majority of the named defendants likely reside in Mississippi and plaintiff's FTCA claim will be governed by the law of Mississippi." *Id.* at 3.

On November 13, 2017, after the case was transferred to the Southern District of Mississippi, Defendants filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, addressing the remaining claims in this suit, namely Weaver's FTCA medical malpractice claim against the United States concerning the medical care at FCI Yazoo and Weaver's Eighth Amendment claims against the individual Defendants at FCI Pekin and FCI Yazoo. (ECF No. 57). In response to the Court's Order to respond to Defendants' dispositive motion, Weaver filed a Motion for Summary Judgment (ECF No. 67) and a Motion to Change Venue (ECF No. 71).

## DISCUSSION

### A. Weaver's FTCA Medical Malpractice Claim Against the United States Concerning Events at FCI Yazoo Must Be Dismissed Because Weaver Has Not Submitted Expert Medical Testimony

1. Summary judgment standard

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. Catrett*, 477 U.S. 317, 322 (1986). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). In evaluating a motion for summary judgment, the Court must construe "all facts and inferences in the light most favorable to the non-moving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which they believe demonstrate the absence of a genuine issue of material fact. *Celetox*, 477 U.S. at 323-325. If the movant carries this burden, the burden shifts to the non-moving party to show that summary judgment should not be granted. *Id.* at 324-325. The plaintiff may not rest upon mere allegations in his complaint but must set forth specific facts showing the existence of a genuine issue for trial. *Abarca v. Metro Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). In the absence of any proof, the court will not assume that the plaintiff "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

2.  Expert testimony is required under Mississippi law

The FTCA waives the federal government's sovereign immunity with regard to suits in tort stemming from the conduct of a federal employee acting within the scope of employment. *See* 28 U.S.C. § 1346. "The FTCA allows suits against the United States for personal injury or death caused by a government employee's negligence 'under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred.'" *Estate of Sanders v. United States,* 736 F.3d 430, 435 (5th Cir. 2013) (quoting *Hannah v. United States,* 523 F.3d 597, 601 (5th Cir. 2008)); *see also* 28 U.S.C. §§ 1346(b)(1), 2674. "Liability in FTCA medical malpractice cases is controlled by state law." *Id.* Thus, Mississippi law determines the elements of Weaver's FTCA medical malpractice claim.

Under Mississippi law, a *prima facie* case of medical malpractice requires proof of the following elements:

> (1) the existence of a duty by the defendant to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) a failure to conform to the required standard; and (3) an injury to the plaintiff proximately caused by the breach of such duty by the defendant.

*Hubbard v. Wansley*, 954 So.2d 951, 956-57 (Miss. 2007).

The plaintiff bears the burden of establishing these elements at the summary judgment stage through supporting evidence. *Celotex,* 477 U.S. at 322-23. Expert testimony must be used to establish the elements of a medical malpractice claim that is governed by Mississippi law. There is a narrow exception, not alleged or at issue here, "in cases where a layman can observe and understand the negligence as a matter of common sense and practical experience." *Walker by & Through Walker v. Skiwski*, 529 So. 2d 184, 187 (Miss. 1988) (citations omitted). Because the mode of diagnosing and treating Herpes Simplex Virus is not a matter of common knowledge or within the general experience of a layman, the layman exception does not apply. *Hannah,* 523 F.3d at 601-02.

Under Mississippi law, "[n]ot only must th[e] expert identify and articulate the requisite standard that was not complied with, the expert must also establish that the failure was the proximate cause, or proximate contributing cause, of the alleged injuries." *Hubbard,* 954 So. 2d at 957. "If the plaintiff fails to present sufficient evidence as to these elements, then there is no genuine issue of material fact, and summary judgment is appropriate." *Estate of Sanders,* 736 F.3d at 436)

(citing *Celotex,* 477 U.S. at 322–23). "The success of a plaintiff in establishing a cause of medical malpractice rests heavily on the shoulders of the plaintiff's selected medical expert." *Id.* (citing *Estate of Northrop v. Hutto,* 9 So. 3d 381, 384 (Miss. 2009)).

Weaver has not submitted expert testimony establishing the applicable standard of medical care, establishing that the standard was breached, or establishing medical causation. For these reasons, Weaver's medical malpractice claims must be dismissed. *See Massey v. United States,* 565 F. App'x 326, 328 (5th Cir. 2014) (affirming summary judgment on medical malpractice claim governed by Mississippi law where prisoner did not provide expert testimony in support of medical causation); *Hannah,* 523 F.3d at 601-02 (affirming summary judgment where indigent prisoner presented no expert testimony establishing the standard of care for treatment of sinus infection); *Brown ex rel. Ford v. J.J. Ferguson Sand & Gravel Co.*, 858 So.2d 129, 131 (Miss. 2003) (finding that a plaintiff must demonstrate that the defendant owed a duty and breached said duty before establishing the other elements).

**B. The Claims Against the FCI Pekin Defendants Should Be Severed and Transferred to the Central District of Illinois**

Weaver's Amended Complaint alleges Eighth Amendment claims against medical providers at FCI Pekin, namely Dr. Jeffery Lee Ho, Scott Moats, and Ted Wall. The FCI Pekin Defendants seek dismissal on grounds that this Court lacks personal jurisdiction over them because their involvement with Weaver was limited to medical treatment provided at FCI Pekin in Illinois. (ECF No. 58, at 4; *see also*

ECF No. 57-3, ECF No. 57-4, & ECF No. 57-5;). In response, Weaver has filed a "Motion to Transfer Out of State Defendants to Correct Venue." (ECF No. 71).

A defendant must have purposefully established minimum contacts within the forum state before personal jurisdiction will be found to be reasonable and fair. *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316-19 (1945). A federal district court may only exercise personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Mississippi's long-arm statute provides:

> Any non-resident person . . . who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann § 13-3-57. Mississippi courts interpret this statute as authorizing

> "three activities" which will permit Mississippi courts to exercise personal jurisdiction over a nonresident defendant: "(1) if that person has entered into a contract to be performed in Mississippi; (2) has committed a tort in Mississippi; or, (3) is conducting business in Mississippi."

*Dunn v. Yager*, 58 So.3d 1171, 1184 (Miss.2011) (quoting *Yatham v. Young*, 912 So.2d 467, 469–70 (Miss.2005)); *see also* Miss. Code Ann. § 13–3–57.

Weaver does not allege that the FCI Pekin Defendants provided any treatment, or failed to provide treatment, in Mississippi. Weaver has not provided evidence or alleged facts to suggest that any of the FCI Pekin Defendants maintained the sort of systematic and continuous contacts with Mississippi that would establish personal jurisdiction.

Accepting Weaver's factual allegations as true, his *Bivens* claims against the FCI Yazoo Defendants arise from the medical care or lack of medical care provided to him while he was incarcerated at FCI Yazoo, and his *Bivens* claims against the FCI Pekin Defendants arise from the medical care or lack of medical care provided to him while he was incarcerated at FCI Pekin. Although Weaver maintains that the two prisons each provided constitutionally inadequate medical care, the alleged incidents underlying his claims occurred at different times, at different prisons, and involved different medical providers. The claims against the FCI Yazoo Defendants can be resolved regardless of the outcomes of the claims against the FCI Pekin Defendants, and vice versa.

Weaver's *Bivens* claims against the FCI Pekin Defendants should be severed and transferred, as opposed to dismissed. *See Blackstone v. Ortiz,* No. 16-8600 (RBK)(JS), 2018 WL 2148846, *8 (D.N.J. May 9, 2018) (severing and transferring claims against out-of-state prison officials to appropriate venue pursuant to 28 U.S.C. § 1406(a)); *Fisher v. United States,* No. CV 14-6499-MMM(RNB), 2015 WL 5723638, *1 (C.D. Cal. June 18, 2015), report and recommendation approved, 2015 WL 5705926 (C.D. Cal. Sept. 29, 2015) (severing and transferring claim against out-of-state prison doctor under Fed. R. Civ. P. 21 due to misjoinder); *Peterson v. United States,* No. 6:14-cv-134-KKC, 2015 WL 278093, *7 (E.D. Ky. Jan. 22, 2015) (severing and transferring claims against out-of-state prison officials pursuant to Fed. R. Civ. P. 21 due to misjoinder); *Sheffield v. Rios,* No. 1:09-cv-1851 JLT PC, 2012 WL 928717, *5 (E.D. Cal. Mar. 19, 2012) (finding claims improperly joined where

prisoner alleged inadequate medical care at different federal prisons at hands of different defendants).

Federal Rule of Civil Procedure 21 permits severance of claims against parties who have been improperly joined. Here, the FCI Pekin Defendants should not have been joined with the FCI Yazoo Defendants and should be severed. The claims against the FCI Pekin Defendants may be transferred pursuant to 28 U.S.C. § 1631, which permits transfer in the interest of justice to cure want of jurisdiction. The interest of justice supports transfer because Weaver filed his Complaint in the Southern District of Illinois, where there was personal jurisdiction over the FCI Pekin Defendants. It was the United States, not Weaver, who requested that the entirety of Weaver's case be transferred to the Southern District of Mississippi, even those claims against the FCI Pekin Defendants. (ECF No. 36). Weaver opposed the transfer. (ECF Nos. 38, 39). Because the Southern District of Illinois previously determined that Weaver "has provided sufficient factual allegations against Defendants Moats, Lee Ho, and Wall to state a deliberate indifference claim," Weaver should be allowed to proceed further on these claims. (ECF No. 24, at 7).

Weaver has raised the issue of venue. 28 U.S.C. § 1391(e) governs venue for claims against officers or employees of the United States and provides that venue is proper in the judicial district "in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the

plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391. Venue may be transferred under 28 U.S.C. 1406(a).

All of Weaver's *Bivens* claims against the FCI Pekin Defendants arose in Pekin, Illinois, which is located within the judicial district of the United States District Court for the Central District of Illinois. Weaver's *Bivens* claims against the FCI Pekin Defendants should be severed and transferred to the Central District of Illinois.

**C. Weaver Should Be Allowed More Time to Serve the FCI-Yazoo Defendants Because He is Proceeding In Forma Pauperis**

The FCI Yazoo *Bivens* Defendants are Dr. Anthony Chambers, Dr. Roberto Martinez, Dr. Norma Natal, Natasha Hudson, and Jeneen Ratliff. The FCI Yazoo Defendants seek dismissal on grounds that they were not individually served with a copy of the summons and Complaint. (ECF No. 58, at 11). "The defendant's actual notice of the litigation ... is insufficient to satisfy Rule 4's requirements." *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988).

Rule 4(i)(3) governs the method for service of process upon an officer of the United States sued in their individual capacity and provides:

> To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i)(3).

Because more than ninety days have passed since the filing of Weaver's Complaint, the FCI Yazoo *Bivens* Defendants assert that the claims against them

should be dismissed pursuant to Federal Rule of Civil Procedure 4(m), which states that a defendant must be dismissed if not served within ninety days.

However, Rule 4(m) contains a good cause exception and provides that the Court must extend the time for service where good cause is shown. As Weaver notes in his Motion, he is proceeding *in forma pauperis* and may rely on the Clerk of Court and the United States Marshals Service to effect service of process on his behalf. *See* 28 U.S.C. § 1915(d) (providing that "[t]he officers of the court shall issue and serve all process"). Summonses were issued for the FCI Yazoo *Bivens* Defendants on June 21, 2017, and delivered to the United States Marshals Service for execution of service of process. (ECF No. 42). Weaver should not be penalized for the failure or mistake of court officers in properly effecting service. *See Gonzalez v. Holder,* 763 F. Supp. 2d 145, 148-49 (D.D.C. 2011).

If defense counsel will be representing the FCI Yazoo Defendants when personal jurisdiction over them is ultimately established, counsel is encouraged to promptly enter an appearance on the FCI Yazoo Defendants behalf so that the claims against them can be resolved expeditiously, without the delay inherent in now reissuing summonses to be delivered by the United States Marshals.

**RECOMMENDATION**

The FTCA medical malpractice claims against the United States should be dismissed with prejudice because Weaver has not supported the claims with expert medical testimony. The *Bivens* claims against the FCI Pekin Defendants should be severed and transferred to the United States District Court for the Central District of Illinois, where the events or omissions giving rise to the claims occurred.

Weaver's *Bivens* claims against the FCI Yazoo Defendants should proceed and Weaver allowed more time to effectuate service of process on these Defendants, or for counsel to enter an appearance on behalf of these Defendants.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Local Role 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, after service of a copy of this Report and Recommendation, each party has fourteen (14) days to serve and file with the Clerk of Court any written objections to it. Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Judge need consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions within fourteen (14) days of being served a copy is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this 9th day of August, 2018.

s/ John C. Gargiulo

JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE